JUDGE CROTTY      11 CIV 8255

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
NORRIS SIMPSON,

                Plaintiff,        **COMPLAINT**

                -against-        Trial by Jury Demanded

THE CITY OF NEW YORK, RAYMOND
DEJESUS and ANDRES TORIBIO,

                Defendants.
----------------------------------X



      Plaintiff, by his attorneys Sivin & Miller, LLP, complaining of defendants, alleges as follows, upon information and belief:

### THE PARTIES AND JURISDICTION

      1. That at all times herein mentioned, plaintiff was and is a citizen of the State of New York.

      2. That at all times herein mentioned, plaintiff was and is a retired member of the New York City Hospital Police.

      3. That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983.

      4. That at all times herein mentioned, defendant The City of New York (hereinafter "the City") was and is a municipal corporation, organized and existing under and by virtue of the laws of the State of New York.

      5. That prior to the institution of this action and within ninety (90) days from the date when the causes of action accrued herein, a notice of claim and intention to sue was duly served upon and filed with the City on behalf of plaintiff; that this action was not commenced until the expiration of thirty (30) days after such notice of claim and intention to sue was presented and the City has neglected and/or refused to make adjustment or payment thereon,

and this action is being commenced within one year and ninety days after the causes of action accrued herein.

6. That at all times herein mentioned, the City operated, controlled and maintained a police force known as the New York Police Department (hereinafter "the NYPD").

7. That at all times herein mentioned, defendant Raymond DeJesus (hereinafter "DeJesus") was and is employed as a sergeant with the NYPD.

8. That at all times herein mentioned, DeJesus was acting within the course and scope of his employment with the NYPD.

9. That at all times herein mentioned, DeJesus was acting under color of state law.

10. That at all times herein mentioned, defendant Andres Toribio (hereinafter "Toribio") was and is employed as a police officer with the NYPD.

11. That at all times herein mentioned, Toribio was acting within the course and scope of his employment with the NYPD.

12. That at all times herein mentioned, Toribio was acting under color of state law.

13. That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

## FACTS

14. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

15. That on September 21, 2011, plaintiff was lawfully within the confines of the NYPD's 24th Precinct, located at 151 West 100th Street, New York, NY 10025.

16. That on September 21, 2011, plaintiff was lawfully within the confines of the NYPD's 24th Precinct as a complaining witness in connection with an assault that had been perpetrated on him earlier that day.

17. That while plaintiff was lawfully within the confines of the NYPD's 24th Precinct, as a complaining witness, he was directed by Sergeant Raymond DeJesus to place his hands behind his back for the purpose of being handcuffed and arrested.

18. That thereafter DeJesus forcibly handcuffed and detained plaintiff without plaintiff's consent.

19. That thereafter plaintiff was placed under arrest by DeJesus and Toribio.

20. That DeJesus and Toribio then charged plaintiff with Criminal Impersonation in the First Degree, a felony.

21. That at the time they arrested plaintiff and charged him with the aforesaid criminal offense, DeJesus and Toribio knew that plaintiff was not guilty of any crime or criminal offense.

22. That neither DeJesus nor Toribio had probable cause or reasonable suspicion to detain or arrest plaintiff, or to charge plaintiff with any crime or criminal offense.

23. That on September 21, 2011, shortly after plaintiff's arrest, the New York County District Attorney's Office declined to prosecute plaintiff for the crime with which he was charged by DeJesus and Toribio, and the criminal charges terminated favorably to plaintiff.

24. That plaintiff nevertheless was imprisoned at various locations by members of the NYPD, including but not limited to Toribio, until his release from custody the next day.

25. That DeJesus and Toribio intentionally delayed plaintiff's release from custody.

26. That the actions of DeJesus and Toribio were malicious in nature.

27. That the actions of DeJesus and Toribio were motivated, at least in part, by racial or other discriminatory animus, and were otherwise without legal justification.

28. That by reason of the aforesaid, plaintiff endured physical, emotional and psychological pain and suffering, loss of liberty, was subjected to humiliation, embarrassment and other indignities, and was otherwise damaged.

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(False Arrest and Imprisonment)

29. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

30. That the aforesaid actions by defendants constitute a false arrest and false imprisonment of plaintiff pursuant to New York State law, for which plaintiff is entitled to recover damages.

### SECOND CAUSE OF ACTION AGAINST DEJESUS AND TORIBIO
(42 USC § 1983 Arising from False Arrest and Imprisonment)

31. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

32. That by reason of the aforesaid false arrest and imprisonment, plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, including rights guaranteed to plaintiff under the Fourth Amendment to the US Constitution, and plaintiff is therefore entitled to compensation pursuant to 42 USC § 1983.

### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Malicious Prosecution)

33. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

34. That the aforesaid actions by defendants constitute a malicious prosecution of plaintiff pursuant to New York State law, for which plaintiff is entitled to recover damages.

**FOURTH CAUSE OF ACTION AGAINST DEJESUS AND TORIBIO**
(42 USC § 1983 Arising from Malicious Prosecution)

35. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

36. That by reason of the aforesaid malicious prosecution, plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, including rights guaranteed to plaintiff under the Fourth Amendment to the US Constitution, and plaintiff is therefore entitled to compensation pursuant to 42 USC § 1983.

WHEREFORE, plaintiff demands judgment in the form of compensatory damages against defendants, and each of them, as follows: On the First Cause of Action: One Million ($1,000,000) Dollars; On the Second Cause of Action: One Million ($1,000,000) Dollars; On the Third Cause of Action: One Million ($1,000,000) Dollars; On the Fourth Cause of Action: One Million ($1,000,000) Dollars; and plaintiff demands punitive damages against defendants DeJesus and Toribio, each in the amount of One Million ($1,000,000.00) Dollars, together with attorney's fees pursuant to 42 USC § 1988, and together with the costs and disbursements of this action.

Dated: New York, New York
       November 15, 2011

Yours, etc.
SIVIN & MILLER, LLP

By _____
Edward Sivin (ES 7351)
Attorneys for Plaintiff
170 Broadway, Suite 600
New York, NY 10038
(212) 349-0300

Case No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORRIS SIMPSON,

        Plaintiff,

    -against-

THE CITY OF NEW YORK, RAYMOND DEJESUS and ANDRES TORIBIO,

        Defendants.

## COMPLAINT

**SIVIN & MILLER, LLP**
Attorneys for Plaintiff
170 Broadway, Suite 600
New York, NY 10038
(212) 349-0300
FAX (212) 406-9462